UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE S.,[1]

          Plaintiff,      DECISION AND ORDER

-vs-
                     1:20-CV-0617 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

## INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI"). Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Pl.'s Mot., Dec. 21, 2020, ECF No. 10; Def.'s Mot., Feb. 16, 2021, ECF No. 11. Plaintiff argues that the Commissioner's denial of her application for SSI benefits should be vacated, and the matter remanded for further administrative proceedings because the Commissioner's decision is not supported by substantial evidence. The Commissioner disputes Plaintiff's contentions, and maintains that the ALJ's decision is free of legal error and supported by substantial evidence.

For the reasons set forth below, Plaintiff's motion for judgment on the pleadings [ECF No. 10] is denied, and the Commissioner's motion [ECF No. 11] is granted. The

---

[1] The Court's Standing Order issued on November 18, 2020, indicates in pertinent part that, "[e]ffective immediately, in opinions filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-government party will be identified and referenced solely by first name and last initial."

Clerk of Court is directed to close this case.

## LEGAL STANDARD

The law defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Social Security Administration has outlined a "five-step, sequential evaluation process" to determine whether an SSI claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. § 416.920(a)(4)(i)–(v)).

The claimant bears the burden of proof for the first four steps of the sequential evaluation. *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). At step five, the burden shifts to the Commissioner only to demonstrate that there is other work in the national economy that the claimant can perform. *Poupore v. Asture*, 566 F.3d 303, 306 (2d Cir. 2009).

## PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case, and therefore addresses only those facts and issues which bear directly on the resolution of the motions presently before the Court.

Plaintiff protectively filed both an application for Disability Insurance Benefits ("DIB") and an application for Supplemental Security Income ("SSI") on May 25, 2016, alleging an onset date of April 1, 2014. Transcript ("Tr."), 86–87 and 175–80, Oct. 20, 2021, ECF No. 9. Plaintiff claimed that she was eligible for benefits due to glaucoma in both eyes, high blood pressure, anxiety, colitis, intestinal polyps, and bleeding from her rectum. Tr. at 74–75. On May 30, 2016, the Commissioner notified Plaintiff that she was not eligible for DIB benefits because she had not worked long enough under Social Security. Tr. at 90. On August 18, 2016, the Commissioner notified Plaintiff of the determination that Plaintiff's condition is not severe enough to keep her from working, and therefore that she did not qualify for SSI benefits. Tr. 100. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 104.

Plaintiff's request was approved, and the hearing was held by teleconference on April 8, 2019. Tr. 47. The ALJ appeared from Providence, Rhode Island, Plaintiff appeared with her counsel, Jeanne Murray, Esq., and an impartial vocational expert also participated. Tr. 49. In her opening statement on Plaintiff's behalf, Attorney Murray stated:

> The claimant does suffer from anxiety as well as panic disorder. She also does have glaucoma bilaterally in her eyes which does cause her difficulties. It is at this point considered mild and she is continuing to treat for that. However, she does have some sensitivities because of the glaucoma and these conditions do cause her to be unable to maintain any full-time, consistent employment.

Tr. 51.

Thereafter, the ALJ asked Plaintiff why she believed that she was disabled, and Plaintiff stated:

> I have a lot of anxiety and all the complications with the glaucoma. The light sensitivity is extreme. Like, I can't even be in the lit room or, like television.

> It's a tremendous amount of sensitivity . . . sometimes I've got to, like, wear the sunglasses in the house. And my doctor just, you know, she keeps treating me full of steroids and she doesn't really know why.

Tr. 51. During the course of her testimony, Plaintiff stated that she lives with her 80 year-old father and helps him care for her middle-aged brother, who is "mentally retarded." Tr. 52–54. She does "regular, average cooking" for her father and brother, such as preparing microwave meals and boiling spaghetti (Tr. 55), lays out medications for her brother (Tr. 54), does her own laundry (Tr. 56), is able to bathe and dress herself (Tr. 56), vacuums and cleans around the house (Tr. 53, 61), cares for the dogs when they're inside (Tr. 67), goes with her father to the store every three or four months to help with shopping (Tr. 58), and generally gets along "nicely" with other people (Tr. 56). However, Plaintiff also testified that she has been in counseling for her anxiety for between a year-and-a-half and two years (Tr. 53), hasn't driven or taken public transportation in about 25 years because she gets panic attacks (Tr. 55), gets anxious around other people (Tr. 58), gets nervous when she has to leave the house (Tr. 59), has trouble sleeping at night (Tr. 61), is "scatterbrained" and has trouble with her memory (Tr. 61–62), and experiences tremendous eye pain caused by light (Tr. 62–64).

In her decision on June 11, 2018 denying SSI benefits to Plaintiff, the ALJ found at step one of the five-step evaluation process, that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 32. At step two, the ALJ determined that Plaintiff's anxiety disorder is a severe impairment. Tr. 32. With respect to Plaintiff's other claimed impairments, the ALJ found that "the record fails to establish that hypertension, glaucoma, alcohol abuse, cannabis abuse, or a symptomatic anal fissure impose more than minimal impairments of the claimant's ability to engage in basic work

related activities . . . ." Tr. 33.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 33. In so doing, the ALJ utilized the "special technique" required by 20 C.F.R. § 416.920a,[2] and determined that Plaintiff's alleged mental impairments caused mild limitation in understanding, remembering or applying information; no limitation in interacting with others; moderate limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing herself. Tr. 34. The ALJ also found that the evidence failed to establish the presence of any criteria indicating a "serious and persistent" mental disorder. Tr. 34.

Then, before proceeding to step four, the ALJ carefully considered the entire record and determined that Plaintiff has the residual functional capacity[3] ("RFC") to perform a full range of work at all exertional levels, but has "a limitation in concentration, persistence or pace with the ability to understand, remember and carry out simple tasks." Tr. 34. At step four the ALJ found that Plaintiff has no past relevant work. Tr. 33. However,

---

[2] The Second Circuit has held that where an ALJ's failure to adhere to the regulations' special technique is not harmless, failure to apply the "special technique" is reversible error. *See Kohler v. Astrue*, 546 F.3d 260, 265 n. 4 (2d Cir. 2008). The listings of specific mental impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 ("App'x 1 § 12.00") provide the ALJ with detailed guidance for application of the "special technique." Generally, a claimant must satisfy at least two classes of criteria to justify a finding of a mental disorder. "Paragraph A" criteria include the "the medical criteria that must be present in [a claimaint's] medical evidence" to indicate a particular disorder (e.g., the mental disorder of "schizophrenia" requires that the evidence include medical documentation of hallucinations or another similar symptom). App'x 1 § 12.00A(2)(a). "Paragraph B" criteria are four broad areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. App'x 1 § 12.00A(2)(b). A claimant must show an "extreme" limitation of one, or "marked" limitation of two, of the Paragraph B criteria. "Paragraph C" criteria are used to evaluate whether a claimant has a "serious and persistent" mental disorder.

[3] "Residual functional capacity" ("RFC") means the most that the claimant can still do in a work setting despite the limitations caused by the claimant's impairments. 20 C.F.R. § 416.945.

based on the RFC finding, Plaintiff's age, education, and work experience, and on the testimony of the impartial VE, the ALJ found Plaintiff would be able to perform such jobs in the national economy as assembler/product tester or cleaner. Tr. 40. Hence, the ALJ concluded that Plaintiff *is not* disabled for the purposes of SSI. Tr. 41.

On March 26, 2020, the Social Security Administration's Appeals Council denied Plaintiff's request for further review of the ALJ's decision. Tr. 1. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## DISCUSSION

42 U.S.C. § 405(g) defines the process and scope of judicial review of the final decision of the Commissioner on whether a claimant has a "disability" that would entitle him or her to benefits. *See also* 42 U.S.C. § 1383(c)(3). "The entire thrust of judicial review under the disability benefits law is to ensure a just and rational result between the government and a claimant, without substituting a court's judgment for that of the [Commissioner], and to reverse an administrative determination only when it does not rest on adequate findings sustained by evidence having rational probative force." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (internal citation and quotation marks omitted).

Therefore, it is not the reviewing court's function to determine *de novo* whether the claimant is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, "[t]he threshold question is whether the claimant received a full and fair hearing." *Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018). Then, the reviewing court must determine "whether the Commissioner applied the correct legal standard[s]." *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). Provided the claimant received a full and fair

hearing, and the correct legal standards are applied, the court's review is deferential: a finding by the Commissioner is "conclusive" if it is supported by "substantial evidence." 42 U.S.C. § 405(g).

In the present case, Plaintiff maintains that the Commissioner's decision denying her SSI benefits must be remanded for further administrative proceedings because the the ALJ's RFC findings regarding Plaintiff's mental limitations were not supported by substantial evidence. Pl. Mem. of Law, Dec. 21, 2020, ECF No. 10-1. Specifically, Plaintiff argues that the ALJ erred by giving more weight to a non-examining state agency psychological reviewer (Dr. Marks) than to the consultative psychological examiner (Dr. Fabiano), and by not incorporating the limitations of either Dr. Marks or Dr. Fabiano into the RFC. *Id.*

Dr. Marks', Dr. Fabiano's, and the ALJ's Respective Findings

In the medical source statement rendered after his examination of Plaintiff on August 5, 2016, consultative psychological examiner Gregory Fabiano, Ph.D., found that her memory was intact, and that she had no limitations in her ability to follow instructions, perform simple and complex tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, and make appropriate decisions. Tr. 349–50. Nevertheless, he found that Plaintiff did have mild to moderate limitations in her ability to relate adequately with others, and moderate limitations in her ability to deal with stress. Tr. 350.

Similarly, in his Mental Residual Functional Capacity assessment rendered after a review of Plaintiff's records – including Dr. Fabiano's report - on August 16, 2016, non-examining state psychological reviewer M. Marks, Ph.D. concluded that Plaintiff had no

limitations in understanding and memory, or in sustained concentration and persistence. Tr. 83. However, Dr. Marks found that Plaintiff had "some" limitations interacting with the general public, and moderate limitations in adaptation. Tr. 83.

As indicated above, after a careful consideration of the entire record, the ALJ determined that Plaintiff has the RFC to perform a full range of work at all exertional levels, but has a limitation in concentration, persistence, or pace with the ability to understand, remember, and carry out simple tasks. Tr. 34. In explaining her decision, the ALJ stated, in pertinent part:

> The August 2016 mental health assessment of M. Marks . . . is given *some weight* in regard to finding the claimant is moderately limited in attention and concentration, as it is supported by and consistent with the longitudinal record. M. Marks' findings regarding understanding and memory limitations, social interaction, and adaptation limitations are not consistent with or supported by the evidence as a whole.
>
> The August 2016, mental evaluation of Gregory Fabiano, Ph.D. . . . is given *some weight*, as some of his findings are supported by, and consistent with, the longitudinal record. However, his findings that the claimant had some moderate limitation in her ability to appropriately deal with stress, no limitation in attention and concentration, and mild to moderate limitation in her ability to relate adequately with others is not consistent with the evidence as a whole.

Tr. 39 (emphasis added).

The ALJ's Weighting of Dr. Marks' and Dr. Fabiano's Medical Opinions

The Court finds Plaintiff's argument that the ALJ erred by giving Dr. Marks' opinion greater weight than Dr. Fabiano's opinion to be without merit. The ALJ is responsible for assessing a claimant's RFC, and in doing so she is required to give more weight to medical opinions that are more consistent with the record as a whole. 20 C.F.R. § 416.927(c)(4). Moreover, it is well-settled that "[g]enuine conflicts in the medical evidence

are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

In this case, the ALJ gave "some weight" to the respective opinions of both Dr. Marks and Dr. Fabiano, which were largely consistent with each other. In her RFC determination, the ALJ provided a thorough discussion of the relevant evidence in the record, and in the course of that discussion identified the evidence that supported her conclusions. For instance, with respect to the ALJ's agreement with Dr. Marks' assessment that Plaintiff had some limitations in attention and concentration, as opposed to Dr. Fabiano's conclusion that she did not, the ALJ appears to have credited Plaintiff's testimony that "[s]he has concentration problems and is very scatterbrained" (Tr. 35, quoting Plaintiff's testimony at her hearing before the ALJ), which was consistent with the "hyperactivity" and "racing thoughts" observed and reported in Plaintiff's counseling sessions with Horizon Health Services between 2017 and 2019. *See* Tr. 35–36 (citing extensively to treatment notes from Horizon in "11F").

<u>The ALJ's Failure to Incorporate Limitations From Reviewer Opinions</u>

Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence because it did not incorporate any of the limitations identified by either Dr. Marks or Dr. Fabiano. Plaintiff states that "[t]he ALJ obviously picked and chose the portions of Dr. Fabiano's opinion to give weight to, rejecting *all* of his restrictive limitations and accepting nearly all of his nonrestrictive limitations." Pl. Mem. of Law at 6. She notes that "[u]ltimately, the ALJ did not base [her] RFC, which included only *one* generic limitation to simple tasks, on the opinion evidence." Pl. Mem. of Law at 7.

As indicated above, provided the claimant received a full and fair hearing, and the correct legal standards are applied, the court's review of an ALJ's decision is deferential:

9

an ALJ's finding "conclusive" if it is supported by "substantial evidence." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). To determine whether a finding, inference or conclusion is supported by substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada*, 167 F.3d at 774 (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). Once an ALJ finds facts, a reviewing court can reject those facts "only if a reasonable factfinder would have to conclude otherwise." *Brault*, 683 F.3d at 448 (citation omitted).

Although the ALJ's RFC determination in this case "may not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision," the determination was nevertheless proper because it "took account of the opinions of all . . . experts and the notes for other treatment providers . . . ." *Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013). For instance, in this case the ALJ's RFC determination did not correspond with the respective opinions of both Dr. Marks and Dr. Fabiano that Plaintiff had limitations interacting with the public. Tr. 39. As indicated in her discussion of the RFC, the ALJ rooted this finding in the evidence: she pointed out that Plaintiff's Function Report, submitted in June 2016, indicated that she socialized two to three times a week, and that she did not have problems getting along with others. Tr. 38. The Function Report

10

was consistent with the "longitudinal record," namely, Plaintiff's statement at her physical in January 2019 that "she did not find it difficult to interact with others or maintain an adequate social life." Tr. 38 (citing the records of Plaintiff's physical with her primary care physician, Dr. Spillman, at Tr. 719–25). "It is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Watson v. Berryhill*, 732 F. App'x 48, 51 (2d Cir. 2018) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). Because the ALJ supported her findings with a multitude of citations to evidence in the record, the Court finds that the ALJ's RFC determination regarding Plaintiff's mental functionality is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that, in accordance with this Decision and Order, Plaintiff's motion for judgment on the pleadings [ECF No. 10] is denied, and the Commissioner's motion for judgment on the pleadings [ECF No. 11] is granted. The Clerk of Court is directed to close this action.


DATED:   August 23, 2021
         Rochester, New York

*[signature]*
CHARLES J. SIRAGUSA
United States District Judge